**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CARL D. YOUNG**                                                                                **MOVANT**

v.                                                                                                                          **No. 2:07CR79-M**

**UNITED STATES OF AMERICA**                                                        **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion [56] of Carl D. Young to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Government has responded to the motion, and Young has replied. The matter is ripe for resolution. For the reasons set forth below, the instant motion for relief under 28 U.S.C. § 2255 will be denied.

**Facts and Procedural Posture**

On November 28, 2007, Carl D. Young pled guilty to one count of intentional distribution of crack cocaine, a schedule II controlled substance, and which carried maximum possible penalties of not less than 5 years and not more than 40 years imprisonment, not more than a $2,000,000 fine, or both, and at least four years supervised release; all in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846.

On April 30, 2008, Carl D. Young, with counsel, appeared before the court for sentencing. He acknowledged that he had reviewed the pre-sentence report with his attorney, and he made no objections. Based upon that report, the court sentenced Young to 141 months' imprisonment. On April 8, 2009, Young filed a Motion to Vacate, Set Aside, or Correct Conviction and Sentence under 28 U.S.C. § 2255. Young alleges two related grounds for relief citing ineffective assistance of counsel and an involuntary guilty plea.

## Ineffective Assistance of Counsel

In order to show that his counsel provided ineffective assistance under the Sixth Amendment, a criminal defendant must prove: (1) that counsel's performance was deficient, and (2) that the errors in performance prejudiced his legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the test, the movant must show that his attorney made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, a petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). As discussed below, Young has not met this standard.

### The Decision By Counsel Not to Pursue the Defense of Entrapment

First, Young argues that counsel was ineffective for failing to present the defense of entrapment. He suggests that a more thorough investigation would have revealed that the Government entrapped him and, through the entrapment defense, Young would have been exonerated. Young is, however, mistaken, as he misapprehends the nature of the entrapment defense. Indeed, entrapment is usually a defense of last resort, as the defendant first must admit

that the government can prove all of the elements constituting the crime. *United States v. Mora*, 994 F.2d 1129, 1137 (5th Cir. 1993) (citing *United States v. Arditti,* 955 F.2d 331, 342 (5th Cir. 1992), *cert. denied,* 506 U.S. 998 (1992). Then the proof must show: (1) that the government induced the defendant to commit the crime; and (2) that, before contact with government agents, the defendant was not predisposed to commit the crime charged.[1] *Id.*

Young does not, however, address the elements of the entrapment defense; instead, he argues that he was entrapped because the government's informant was, himself, a criminal. This argument is simply irrelevant. To enforce the nation's drug statutes, law enforcement officers must necessarily enlist the aid of those already participating in illegal drug activity – so that the informants are known and trusted by those suspected of illegal drug activity. Such people are, as a result of their illicit activity, suspicious of those they do not know. In addition, the moral or legal culpability of government informants and agents is not relevant; under the rule set forth above, only government inducement and the defendant's predisposition to commit the crime are at issue. As such, under the defendant's argument as set forth in the instant motion, an entrapment defense was not available.

Further, Young has a *long* history of criminal activity – including sale of cocaine and criminal drug conspiracy. Indeed, as the court noted during sentencing, "[Y]ou have one of the most serious criminal histories that I've had before me, as far as the sheer number." Sent. Tr. at 7. Thus, facts supporting a finding of predisposition to commit the crime charged show:

---

[1] The government carries the burden of proving that the defendant was predisposed to commit the crime; however, to establish a *prima facie* entrapment defense, the defendant must first present at least some proof that "actions by the government created a substantial risk that an offense would be committed by a person not ready to commit it." *Arditti*, 955 F.2d at 342 (quoting *United States v. Johnson,* 872 F.2d 612, 621 (5th Cir. 1989).

(1) a predisposition to criminal activity, generally; and (2) a predisposition to commit drug crimes, specifically. Finally, the government cites several other factors – including overwhelming evidence of guilt and Young's active participation in the crime (with no hesitation at all) – which, together with the reasons discussed above, show that proffering an entrapment argument would have been futile to the point of foolishness. As such, no rational attorney would have pursued such a course. Thus, as Young's attorney was reasonable in his decision not to do so, he provided effective representation. This ground for relief is without substantive merit and will be denied.

## Young's Claim that His Plea Was Involuntary, and Counsel Should Have Recognized Such

Young next argues that his plea was involuntary and that counsel was ineffective in failing to recognize that fact. As a basis for this argument, Young alleges he pled guilty to distributing an amount of cocaine less than that shown in the lab reports and used to calculate his sentence. He thus argues that he understood neither the nature of the charge, nor the consequences of his plea. As shown in the record, this argument is without merit. As an initial matter, Young decided to plead guilty after he, himself, independently assessed the evidence against him. Pl. Tr. at 2. After viewing discovery material, Young directed his counsel to file a motion to suppress some of the evidence against him. *Id*. Counsel complied and moved forward with the motion until Young, who had taken the discovery materials to review in his jail cell, decided that he wanted his counsel to withdraw the suppression motion and enter a plea of guilty. *Id.*

In addition, the court ensured that Young was competent, understood the charges against him, had discussed the plea and its consequences with his attorney, understood the rights forgone in a plea of guilty – and was satisfied with his counsel's performance. Pl. Tr. 5-8. Young testified that he was pleading guilty because he was, in fact, guilty, and not due to threats or promises. Pl. Tr. 6. The court also informed Young of the maximum sentence that could be imposed. Pl. Tr. 6, 8. At the conclusion of the hearing, Young clearly understood what he was doing, and the court accepted his guilty plea. Pl. Tr. 9. The prosecution set forth on the record the elements of the charges against Young – and summarized the evidence the government would adduce against him. Pl. Tr. 6, 15.

Sworn statements during a plea of guilty in open court carry a strong presumption of truthfulness. *United States v. Palmer,* 456 F.3d 484, 491 (5th Cir. 2006). Young has provided nothing to the court that would overcome that presumption. As such, Young's argument that his attorney should have counseled him not to plead guilty is without merit and will be dismissed. In sum, all of Young's claims are without substantive merit and will be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of July, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**