IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CARL D. YOUNG**                                                                                                                         **MOVANT**

**v.**                                         **No. 2:07CR79-MPM-DAS**

**UNITED STATES OF AMERICA**                                                   **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion of Carl D. Young, who challenges the validity of the revocation of his supervised release in five separate motions: a motion for reconsideration, motion to vacate judgment, motion for remand, motion for status hearing, and motion seeking sentence reduction to time served. Docs. 119, 120, 121, 122, and 123, respectively. As set forth below, the motions are best construed, collectively, as a notice of appeal of the revocation, and the court will treat them as such. Hence, the case will move to the Fifth Circuit Court of Appeals, and this court does not retain jurisdiction during the appeal.

**Facts and Procedural Posture**

After serving a 141-month term of incarceration, Carl Young began service of his 5-year term of supervised release on July 14, 2017. He twice tested positive for cocaine use in January and February 2020, but he denied using the drugs. Doc. 104 (sealed). While the Petition for revocation was filed in February 2020, the COVID-19 pandemic resulted in a delay until July for his arrest. Doc. 107. After a waiver of his preliminary revocation hearing, the Court held a final revocation hearing in September 2020 and revoked Young's supervised release term and imposed a 12-month and 1-day term of incarceration. Doc. 118. Young then filed the five motions described above. He is currently serving his sentence at the Yazoo City U.S. Prison and has a release date of July 16, 2021. BOP, Find an Inmate, https://www.bop.gov/inmateloc/, last visited February 10, 2021.

A grand jury indicted Young in April 2007. Doc. 1. In November 2007 Young plead guilty to distribution of narcotics. Doc. 42. On November 9, 2006 Young sold 6.9 grams of cocaine base to a confidential informant. Presentence Report ¶ 9. Due to Young's prior convictions for sale of cocaine and criminal drug conspiracy, he was classified as a Career Offender under USSG § 4B1.1. PSR ¶ 28. In May 2008, the Court sentenced Young to a 141-month term of incarceration. Doc. 52.

Post-sentence Young filed a motion to vacate under 28 U.S.C. § 2255. Doc. 56. He filed a Motion to dismiss the charges. Doc. 62. The Court denied the § 2255 motion and also denied other motions filed by Young. Docs. 68, 69, and 75.

Young filed a motion for sentence reduction. Doc. 74. He also filed various motions to attack his conviction, including a second § 2255 motion to vacate. Docs. 75, 76, 77, 78, and 79. these were also denied by the Court. Docs. 75, 80 and 83. He later filed motion for sentence reduction. Doc. 84. The Court denied this motion. Doc. 89. Young then filed a motion to dismiss and third § 2255 motion to vacate. Docs. 88 and 91. The Court transferred the § 2255 motion to the Court of Appeals and dismissed the motion to dismiss. Docs. 93 and 94. Young then filed a motion to remand, notice of default, and certificate of non-response and protest. Docs. 97, 98, 100, and 101.

After the revocation of his supervised release, Young then filed the five instant motions. On September 21, 2020, Young filed a document in which stated he "wish[es] to challenge the judgment entered … against" him. Doc. 119, p. 1. He argued that the Court "should reconsider its revocation of" him. Doc. 119, p. 2. He suggests the Court should have considered that he had gone 37 months without significant problems and that he suffered post-traumatic stress disorder ("PTSD"). Doc. 119, p. 2.

On October 2, 2020, Young filed a motion to vacate and to grant time served. Doc. 120. In it he essentially alleges ineffective assistance of counsel, alleging his counsel did not raise and argue

several mitigating circumstances, including not presenting his lack of meetings with his probation officer in the months prior to his arrest and his medical records that showed his PTSD and bronchitis. Doc. 12, pp. 2-4. He then threatened the Court that if it did not rule in his favor in three days, he would bring charges of retaliation, kidnapping, organ theft, and degrading humiliation against the Court. Doc. 120, pp. 4-5.

On November 5, 2020, Young filed a motion for remand "for false imprisonment, violation of due process, violation of VIII amendment right, organ theft, and illegally transporting across state lines." Doc. 121, p. 1. He alleged that he had his kidney stolen and that his "penis stimulants and stomach muscle stimulants were removed." Doc. 121, p. 1. He demanded a medical examination, return of his organs and stimulants, certain land disputes be resolved, and return of his property. Doc. 12, pp. 3-4.

On December 15, 2020, Young filed a motion for status hearing, asking the Court to rule on his claims. Doc. 122. On February 1, 2021, Young filed a motion requesting sentence reduction to time served. Doc. 123. This claim was based on the arguments he made in the previous motions. pp. 1-2.

## Discussion

Young's first motion, Doc. 119, is best construed as a notice of appeal of the revocation. In it, Young states that he wishes to "challenge the judgment." Doc. 119. The court construes the document as such and will process it, along with the other four "motions," as a direct appeal. Even though Young will likely serve the entirety of his sentence before the case might be heard, once an appeal is filed, a district court no longer has jurisdiction. "The usual rule [is that] the district court loses all jurisdiction over matters brought [before it] upon the filing of the notice of appeal." *Winchester v. U.S. Attorney for S. Dist. of Texas*, 68 F.3d 947, 948 (5th Cir. 1995). As such, the case

will be passed to the Fifth Circuit, and this court no longer holds jurisdiction over the matters at issue in the present motions.

### Conclusion

For the reasons set forth above, Mr. Young's motions, Docs. 119, 120, 121, 122, and 123, are, effectively, a notice of appeal, and the Clerk of the Court will be directed to treat them as such by changing their designation on the docket such that they no longer appear as motions. In addition, the Clerk of the Court will combine the motions into a single document and docket the combined document as a single Notice of Appeal – with an effective date of September 21, 2020 (preserving the timeliness of the appeal). The case will pass to the Fifth Circuit Court of Appeals, and this court may not exercise jurisdiction over the matters at issue until the Fifth Circuit has ruled upon them.

**SO ORDERED**, this, the 16th day of April, 2021.

    **/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**